

JAMES J. VILT, JR. - CLERK

JUN 0 9 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                No. 3:23-cr-94

THOMAS GUNTER, ET AL.

\* \* \* \* \*

## JURY INSTRUCTIONS

Members of the jury, now I will instruct you about the law that you must follow in deciding this case. These instructions have three parts. First, we will discuss your duties and the general rules that apply in every federal criminal case. Second, I will explain the legal elements, or issues, that you must address to decide whether to convict the Defendants for the offenses they are accused of committing. Then I will pause, and you will hear the lawyers give their closing arguments—but remember that those do not bind you like my instructions do. Third, and finally, I will talk to you about how you jurors, as a group, will deliberate and decide this case.

## I.   DUTIES OF THE JURY

You have two main duties as a juror. The first is to decide what the facts are. You must make this decision based on the evidence that you saw and heard here in Court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to apply the law, as I explain it, to those facts that you found. My job is to instruct you about the law. You are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What the judge says about the law controls.

Please work hard to perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The parties, lawyers, and I expect that you will carefully and impartially consider all of the evidence, follow the law as I give

it to you, and reach a just verdict—regardless of the consequences.

You are to consider only the evidence in this case. Unless I instruct you otherwise, that evidence consists of the sworn testimony of the witnesses (regardless of who called them), all exhibits received in evidence (regardless of who offered them), and all facts and events that may have been admitted or agreed to.

Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times should help you understand the evidence, but is not itself actually evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence, like the testimony of an eyewitness, which (if you believe it) would directly prove a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply evidence that tends to prove a fact indirectly. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could infer that it was raining. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## Opinion Testimony

You heard some testimony that came in the form of a witness's opinion. You do not necessarily have to accept the opinion of a witness. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached that conclusion. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## **Presumption of Innocence, Burden of Proof, and Reasonable Doubt**

The Defendants have pled not guilty to the crimes charged in the indictment. An indictment is not evidence; it is just the formal way that the Government tells a defendant what crime he is accused of committing.

These Defendants, like all defendants, start trial with a clean slate, and without any evidence at all against them. It is not up to either of them to prove their innocence; it is up to the Government to present evidence that overcomes this presumption. This burden stays on the Government from start to finish. This means that the Defendants have no obligation to present any evidence at all.

The Government has the burden of proving its case against the Defendants "beyond a reasonable doubt." A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, from the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, but doubts based purely on speculation are not reasonable. Proof beyond a reasonable doubt means proof that is so convincing you wouldn't hesitate to rely and act on it in making the most important decisions in your own lives.

For you to find the Defendants guilty, you must decide that the Government has proved each element of a charged offense beyond a reasonable doubt. If you are convinced of this, then return a guilty verdict. If you are not convinced the Government has proved each element beyond a reasonable doubt, then return a not guilty verdict for that offense.

## **Witness Testimony**

You have heard testimony from some witnesses whom the Government has promised leniency or nonprosecution in exchange for cooperation, other witnesses whom the Government has paid to serve as confidential informants, and other witnesses who were addicted to drugs.

It is permissible for the Government to make such promises and call such witnesses. But you should consider this testimony with more caution than the testimony of other witnesses. Consider whether a witness's testimony may have been influenced by the Government's promise of lenient treatment, by what the Government gave or promised to give him or her, and whether an addict's constant need for drugs or money—or fear of imprisonment—influenced his or her testimony. Do not convict the Defendants based on the unsupported testimony of such a witness, standing alone, unless you believe his or her testimony beyond a reasonable doubt.

## Impeachment of a Witness Other than Defendant by Prior Conviction

You have heard testimony from some witnesses who'd been convicted of a felony before this trial.

The earlier conviction was brought to your attention only as one way of helping you decide how believable his or her testimony was. Do not use it for any other purpose. It is not evidence of anything else.

## Testimony of an Accomplice

You have also heard testimony from accomplices to the same crime that a Defendant is charged with committing. You should consider testimony from an accomplice with more caution than the testimony of other witnesses.

Do not convict the Defendants based on the unsupported testimony of such a witness, standing alone, unless you believe his or her testimony beyond a reasonable doubt.

The fact that an accomplice has pleaded guilty to a crime is not evidence that the Defendant is guilty of that crime, and you cannot consider this against the Defendant in any way.

## Election Not to Testify or Present Evidence

These Defendants, like all defendants, have an absolute right not to testify or present evidence. The fact that a Defendant did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations. As I just explained, it is up to the Government to prove each Defendant is guilty beyond a reasonable doubt—not up to each Defendant to prove that he or she is innocent.

## Objections

The lawyers for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers are free and sometimes obligated to object if they think that something is harmful and not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial. Please do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

## II.    RULES OF LAW

The Defendants are on trial only for the particular crimes charged in the indictment.

The number of charges is not evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

Your decision on any one Defendant or charge, whether it is guilty or not guilty, should not influence your decision on any other Defendant or any other charges.

### Count 1: Conspiracy to Possess with Intent to Distribute Controlled Substances (Gunter & Wren)

Count 1 of the indictment charges Gunter and Wren with conspiracy to distribute controlled substances. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find a Defendant guilty of the conspiracy charge, the Government must prove each of the following elements beyond a reasonable doubt:

1. That two or more persons conspired, or agreed, to possess with intent to distribute controlled substances.

2. The Defendant knowingly and voluntarily joined the conspiracy.

Now I will give you more detailed instructions on some of these terms.

With regard to the first element—a criminal agreement—the Government must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with intent to distribute controlled substances.

(1) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. Nor is a single transaction between a buyer and a seller sufficient to establish the existence of a conspiracy. These are things that you may consider in deciding whether the Government has proved an agreement. But without more, they are not enough.

(2) What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with intent to distribute controlled substances. This is essential.

(3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

With regard to the second element—the Defendants' connection to the conspiracy—the Government must prove, for each Defendant, that he or she knowingly and voluntarily joined that agreement.

(1) The Government must prove that the Defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

(2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he or she was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his or her connection to it was substantial. A slight role or connection may be enough.

(3) Further, this does not require proof that the Defendant knew the drug involved was methamphetamine or fentanyl. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the Defendants knew how much methamphetamine or fentanyl was involved. It is enough that the Defendant knew that some quantity was involved.

(4) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he or she approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator. These are all things that you may consider in deciding whether the Government has proved that a defendant joined a conspiracy. But without more they are not enough.

(5) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he or she knew the conspiracy's main purpose. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

Some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

If you find a Defendant guilty of Count 1, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy that was attributable to him or her as the result of his or her own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him or her. You will be provided with a special verdict form for this purpose.

If you are convinced that the Government has proved beyond a reasonable doubt all of the elements of conspiracy to possess with intent to distribute controlled substances, say so by returning a guilty verdict with respect to that charge. Then separately consider the evidence and these instructions regarding the other charges. If you have a reasonable doubt about any one of these elements, then you must find the Defendants not guilty of that charge.

If you find by unanimous agreement that the Government has proved beyond reasonable doubt that at least 50 grams or more of methamphetamine, or by unanimous agreement that the government has proved beyond reasonable doubt that at least 400 grams or more of a mixture and substance containing a detectable amount of fentanyl were attributable to a defendant as the result of his or her own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him or her, then please indicate this finding on the special verdict form. If you do not so find, you will then be asked to determine whether the Government has proved a lesser quantity.

In determining the quantity of the controlled substance, you need not find that the Defendant knew that his or her offense involved this quantity of drugs.

### Counts 2, 4–5, 8–13 & 15–16: Distribution of Methamphetamine (Gunter & Wren)

Counts 2, 4–5, 8–13, and 15 of the indictment charge Gunter with the crime of distributing methamphetamine. Count 16 of the indictment charges Wren with distributing methamphetamine. Methamphetamine is a controlled substance. For you to find a defendant guilty of this crime, you must find that the Government has proved each of the following elements, beyond a reasonable doubt, for a given charge:

1. The defendant knowingly or intentionally distributed methamphetamine.

2. The defendant knew at the time of distribution that the substance was a controlled substance.

The term "distribute" includes the actual, constructive, or attempted transfer of a controlled substance.

To prove that the defendant "knowingly" distributed the methamphetamine, the defendant did not have to know that the substance was methamphetamine. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much methamphetamine he or she distributed. It is enough that the defendant knew that he or she distributed some quantity of a controlled substance.

For you to find Wren guilty of Count 16, it is not necessary for you to find that she personally committed the crime. You may also find her guilty if she aided and abetted Terry Schultz—that is, intentionally helped or encouraged his commission of the crime. But for you to find Wren guilty of Count 16 as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1. That the crime of distribution of methamphetamine was committed.

2. That the defendant helped to commit the crime or encouraged someone else to commit the crime.

3. And that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if she was there when it was committed, is not enough for you to find her guilty. You can consider this in deciding whether the Government has proved that she was an aider and abettor, but without more it is not enough. What the Government must prove is that the defendant did something to help or to encourage the crime with the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

If you find a Defendant guilty of Counts 2, 4–5, 8–13, or 15–16, you will then be asked to determine the quantity of the controlled substance involved in each of the offenses. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the Government has proved beyond reasonable doubt that the offense involved a quantity of at least 50 grams of methamphetamine, then please indicate this finding by checking that line on the special verdict form.

If you do not so find, you will then be asked to determine whether the Government has proved a lesser quantity. If you unanimously find that the Government has proved beyond a reasonable doubt that the offense involved a quantity of at least 5 grams of methamphetamine, then please indicate this finding by checking that line on the special verdict form.

In determining the quantity of the controlled substance involved in the offense, you need not find that the defendant knew the quantity involved in the offense.

## Count 17: Possession with Intent to Distribute Methamphetamine (Gunter)

Count 17 charges Gunter with the crime of possession of methamphetamine with intent to distribute. Methamphetamine is a controlled substance. For you to find the Defendant guilty of this crime, you must find that the Government has proved the following elements beyond a reasonable doubt:

1. The Defendant knowingly or intentionally possessed methamphetamine.

2. The Defendant intended to distribute methamphetamine.

To prove that the Defendant "knowingly" possessed the controlled substance, the defendant did not have to know that the substance was methamphetamine. It is enough that the Defendant knew that it was some kind of controlled substance. Further, the Defendant did not have to know how much methamphetamine he possessed. It is enough that the defendant knew that he possessed some quantity of controlled substance.

The phrase "intended to distribute" means the Defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance.

In determining whether the Defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the Defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

Next, I want to explain something about possession. The Government does not necessarily have to prove that the Defendant physically possessed the methamphetamine for you to find him guilty of this crime. The law recognizes two

9

kinds of possession—actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the Government must prove that the Defendant had direct, physical control over the methamphetamine, and knew that he had control of it.

To establish constructive possession, the Government must prove that the Defendant had the right to exercise physical control over the methamphetamine, and knew that he had this right, and that he intended to exercise physical control over the methamphetamine at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The Government must prove that the Defendant had actual or constructive possession of the methamphetamine, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

One more thing about possession. The Government does not have to prove that the Defendant was the only one who had possession of the methamphetamine. Two or more people can share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The Government must prove that the Defendant had either actual or constructive possession of the methamphetamine, and knew that he did, for you to find him guilty of this crime. This, again, is all for you to decide.

### Count 19: Possession with Intent to Distribute Methamphetamine (Wren)

Count 19 charges Wren with the crime of possession of methamphetamine with intent to distribute. The instructions for this charge are the same as the preceding instructions for Count 17. For you to find Wren guilty of these crimes, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1. The Defendant knowingly or intentionally possessed methamphetamine.

2. The Defendant intended to distribute methamphetamine.

For you to find Wren guilty of Count 19, it is not necessary for you to find that she personally committed the crime. You may also find her guilty if she aided and

abetted Terry Schultz—that is, intentionally helped or encouraged his commission of the crime. But for you to find Wren guilty of Count 19 as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

1. That the crime of distribution of methamphetamine was committed.

2. That the Defendant helped to commit the crime or encouraged someone else to commit the crime.

3. And that the Defendant intended to help commit or encourage the crime.

Proof that the Defendant may have known about the crime, even if she was there when it was committed, is not enough for you to find her guilty. You can consider this in deciding whether the Government has proved that she was an aider and abettor, but without more it is not enough. What the Government must prove is that the defendant did something to help or to encourage the crime with the intent that the crime be committed.

As to possession, please follow the same definition provided above regarding Count 17.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

If you find the Defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the offense. You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the Government has proved beyond a reasonable doubt that the offense involved a quantity of at least 50 grams of methamphetamine, then please indicate this finding by checking that line on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least 5 grams of methamphetamine, then please indicate this finding by checking that line on the special verdict form.

In determining the quantity of the controlled substance involved in the offense, you need not find that the Defendant knew the quantity involved in the offense.

## Count 14: Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Gunter)

Count 14 of the indictment charges Gunter with violating federal law by possessing a firearm in furtherance of a drug trafficking crime.

For you to find the defendant guilty of this crime, you must find that that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. That the Defendant committed the crime charged in Count 13. Distributing methamphetamine is a drug trafficking crime which may be prosecuted in a court of the United States.

2. That the Defendant knowingly possessed a firearm.

3. That the possession of the firearm was in furtherance of the June 22, 2023, methamphetamine-distribution charge.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The firearm need not be loaded.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count 13. In deciding whether the firearm was possessed to advance or promote the crime charged in Count 13, you may consider these factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found. This list is not exhaustive.

The Government need not prove that a particular firearm was possessed in furtherance of the drug trafficking crime.

As to possession, please follow the same definition provided above regarding Count 17.

If you are convinced that the Government has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict with respect to that charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of that charge.

Now you'll hear closing arguments from the lawyers.  Remember that closing arguments are not evidence, and—unlike my instructions—they do not bind you.

\* \* \*

One additional instruction that I didn't mention earlier: A person cannot criminally conspire with a governmental informant only.

## III.    JURY DELIBERATIONS

When you go back to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will serve as your spokesperson when you return from the jury room back here to the courtroom.

The security officers will deliver copies of these instructions to you in the jury room. When you have reached a unanimous agreement, the foreperson should complete the verdict form attached to his or her instructions in accordance with the jury's verdict; the rest of the jurors do not need to fill out the verdict form, although you must all agree with the jury's verdict as reflected on the foreperson's form. Once the jury has made its decisions and the foreperson has recorded them, he or she should write the date, sign the verdict form on behalf of the jury, and tell the officer. Then you will return as a group with your verdict to the courtroom.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of evidence presented at trial. But you should not rely on the notes as definitive fact or as evidence. Juror notes do not necessarily carry any greater weight than memory. And a juror's memory unaided by notes is just as significant as a juror's memory that is not. Jurors should not be influenced by another juror's notes.

Once you start deliberating, talk about the case only with other members of the jury—not with the security officer, or me, or anyone else. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the security officer. He will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another with a view to reaching an agreement, if you possibly can do so without going against your individual judgment. You must each decide this case for yourself, but only after you impartially consider the evidence with your fellow jurors. During your deliberations, if you become convinced your own view is wrong, do not hesitate to reexamine your views and change your opinion. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict.

If you decide that one or both Defendants are guilty, we may have a couple more items for you to address. But it will be my job to decide what the appropriate punishment should be. You may not consider punishment in reaching your verdict—only whether the Government has met its burden of proof.